## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**<br>George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD  21201<br><br>    Plaintiff,<br><br>v.<br><br>**Kurt Bluemel, Inc.**<br>2740 Greene Lane<br>Baldwin, MD (Baltimore County)<br>MD 20902<br><br>    Defendant. | Civil Action No.<br><br><br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, the Pregnant Workers Fairness Act, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and pregnancy, and to provide appropriate relief to Daniela Alvarado. As alleged with greater specificity in paragraph 12 below, the Commission charges that Defendant Kurt Bluemel, Inc., (Kurt Bluemel, Inc. or Defendant) violated the PWFA when it failed to accommodate Daniela Alvarado's need for pregnancy-related leave and violated the PWFA and Title VII when it terminated her employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), Section 104 of the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg-2(a), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and the Pregnant Workers Fairness Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 104 of the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg-2(a).

4. At all relevant times, Defendant has continuously been a corporation doing business and operating within Baltimore County in the State of Maryland with at least fifteen (15) employees. It is a wholesale nursery.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h), and a covered entity within the meaning of Section 102(2) of the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg(2)(B)(i).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Daniela Alvarado filed a charge with the Commission alleging violations of Title VII and the Pregnant Workers Fairness Act by Defendant.

7. On July 12, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and the Pregnant Workers Fairness Act, and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On August 9, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

12. Since at least in or around August 2023, Defendant has engaged in unlawful employment practices in violation of Sections 701(k) and 703(a) of Title VII, 42 U.S.C. §§2000e(k) and 2000e-2(a) and Section 103, 42 U.S.C. 2000gg-1(1), (5) of the Pregnant Workers Fairness Act. The practices include the following:

    a. Alvarado joined Defendant as a laborer in or around September 2017.

b.  In or around Spring 2023, Alvarado became pregnant. At that time her job duties included manual labor such as moving potted plants and preparing plants to be loaded onto trucks.

c.  In or around August 2023, Alvarado made Defendant aware that, because of her pregnancy, she was experiencing fatigue, dizziness and headaches while performing manual labor.

d.  On or around August 24, 2023, Alvarado requested to take pregnancy leave due to her pregnancy-related physical inability to perform manual labor, for childbirth, and for anticipated recovery from childbirth.

e.  She requested leave through January 2, 2024, as an accommodation and invited Defendant's feedback on the return date.

f.  Defendant did not respond or otherwise engage in an interactive process regarding the return date.

g.  Alvarado stopped working due to a physical inability to perform heavy labor on or about September 9, 2023. She gave birth to a healthy baby on October 2, 2023.

h.  On or about December 5, 2023, Alvarado attempted to return to work, but Defendant told her that no work was available.

i.  Alvarado contacted Defendant again about returning to work on or around December 17, 2023, and January 3, 2024, and was again told that no work was available.

j.  Between approximately December 18, 2023, and March 25, 2024, Defendant hired six new laborers.

4

    k. Defendant never returned Alvarado to work.

 13. The effect of the practices complained of above in Paragraph 12 has been to deprive Alvarado of equal employment opportunities and otherwise adversely affect her rights under Title VII and the Pregnant Workers Fairness Act, resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

 14. The unlawful employment practices complained of above were intentional.

 15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Alvarado.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

 A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of sex, including discrimination on the basis of pregnancy, and which requires Defendant to make reasonable accommodations to the known limitations related to pregnancy, childbirth and related medical conditions;

 B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of Defendant's past and present unlawful employment practices;

 C. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a

designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of sex including pregnancy, that they will comply with all aspects of Title VII and the Pregnant Workers Fairness Act, and that they will not take any action against employees because they have exercised their rights under the statute;

      D.     Order Defendant to make Alvarado whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including a proper placement or front pay in lieu thereof;

      E.     Order Defendant to make Alvarado whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above;

      F.     Order Defendant to make Alvarado whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

      G.     Order Defendant to pay Alvarado punitive damages for its callous indifference to her federally protected right to be free from discrimination based on pregnancy;

      H.     Grant such further relief as the Court deems necessary and proper in the public interest; and

      I.     Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney


                /S/
_____

ERIC S. THOMPSON
Senior Trial Attorney


UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Eric.Thompson@EEOC.GOV
Phone: 410.801.6696
Fax: 410.962.4270